**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION**

EDUARDO VARGAS,

    Plaintiff,

                                                        CASE NO.:

vs.

BANK OF AMERICA N.A.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, EDUARDO VARGAS, sues the Defendant, BANK OF AMERICA, N.A., and in support thereof respectfully alleges the following:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant BANK OF AMERICA N.A. (hereafter "BOA"), in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

3. The alleged violations described herein occurred in Broward County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4. Plaintiff, EDUARDO VARGAS, is and was at all material times a natural person over the age of eighteen (18), who resides in Miramar, Broward County, Florida.

5. Plaintiff EDUARDO VARGAS is the "called party" with respect to the calls placed to his cellular telephone number, (305) 439-7750 as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014); In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 8000-8001 (¶ 73), 2015 WL 4387780 (July 10, 2015) ("2015 TCPA Order")

6. At all times material hereto, Defendant BOA is and was a foreign corporation authorized to conduct business in the state of Florida, with its principal place of business at 100 North Tryon Street, Charlotte, N.C. 28255.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Defendant BOA sought to collect an alleged mortgage loan debt from Plaintiff EDUARDO VARGAS that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

8. In or about 2011, Defendant BOA began initiating calls to Plaintiff's above-referenced cellular telephone number in an effort to collect the subject mortgage loan debt.

9. Upon answering several of these calls, Plaintiff advised BOA's representatives to stop placing calls to Plaintiff.

10. Thereafter, Defendant BOA continued initiating calls to Plaintiff EDUARDO VARGAS's aforementioned cellular telephone number in an effort to collect the subject mortgage loan debt, disregarding Plaintiff's verbal instructions to cease placing such calls.

11. Defendant BOA intentionally harassed and abused the Plaintiff on numerous occasions by and through its agents and representatives, including but not limited to calling several times in one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

12. Defendant BOA has made approximately five hundred (500) autodialed calls to Plaintiff's aforementioned cellular telephone number during the four (4) year period prior to the filing of this Complaint, through February of 2016.

13. Despite Plaintiff's repeated demands that Defendant BOA stop placing calls to his aforementioned cellular telephone number, Defendant BOA proceeded undeterred in its campaign of intentional harassment and abuse of the Plaintiff in an effort to collect the alleged debt, and proceeded to engage in conduct in violation of the TCPA and FCCPA, as described herein, including but not limited to:

    a. Calling Plaintiff's aforementioned cellular telephone number several times per day and on back to back days through February of 2016;

    b. Calling Plaintiff's aforementioned cellular telephone number from an automated dialing system and leaving pre-recorded messages on Plaintiff's cellular telephone voice mail box stating that the call was made in "an attempt to collect a debt";

    c. Calling Plaintiff's aforementioned cellular telephone number and hanging up either prior to or as soon as Plaintiff, members of Plaintiff's household, or the Plaintiff's answering machine or voice mail box answered the call;

    d.    Engaging in "caller ID spoofing" in an effort to provoke the Plaintiff to answer Defendant's debt collection calls. Defendant's "caller ID spoofing" caused the caller ID on Plaintiffs' cellular telephone to identify misleading or inaccurate information about the source of the call, including by falsely identifying that the call was coming from a local telephone number or from a person or entity other than Defendant BOA, or by masking the identity of the number from which the call was initiated altogether, causing the Plaintiffs' caller IDs to reflect that the phone number of the incoming call was "unavailable," "private," or a string of digits that do not correspond to a valid telephone number, including 000-000-0000.

    14.    The telephone calls at issue were placed by Defendant BOA using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer"). Specifically, the calls at issue were placed by BOA utilizing the "Aspect" dialing system, which operated at all material times as a "predictive dialer" in initiating the calls at issue to the Plaintiffs' aforementioned cellular telephone numbers. Furthermore, many of the calls placed by BOA to Plaintiffs' cellular telephone numbers transmitted a pre-recorded message that was played when Plaintiffs answered the calls, prior to the call being transferred to a live representative, or that was left on the Plaintiffs' respective cell phone voice mail boxes.

    15.    That Defendant BOA used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live

representative joining the line. These are telltale signs of a predictive dialer and/or an automated telephone dialing system.

16. Defendant BOA initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17. Alternatively, Defendant BOA initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" that Defendant mistakenly believed it had.

18. Furthermore, none of the telephone calls at issue were placed by Defendant BOA to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

19. Each of the unwanted autodialed calls at issue occupied Plaintiff's cellular telephone line, even when the call was not answered, rendering the line unavailable for Plaintiff to place outbound calls and creating a significant safety risk by making the line unavailable for emergency use. Plaintiff considered these unwanted autodialed calls to be intrusive, annoying and an invasion of his privacy.

20. Defendant BOA consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

21. Defendant BOA has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

22. Defendant BOA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

23. Despite actual knowledge of its wrongdoing, Defendant BOA continued the campaign of harassment and abuse.

24. Defendant BOA's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

25. Defendant BOA's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

26. Defendant BOA followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

27. Defendant BOA has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

28. Defendant BOA has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

29. As a direct and proximate result of Defendant BOA's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

30. Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the

enjoyment of life pursuant to section 559.77, Florida Statutes, have continued and are continuing as of the filing of this complaint.

31. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## VIOLATION OF THE TCPA AGAINST BOA

32. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (31), as if fully set forth herein.

33. None of the calls at issue were placed by Defendant BOA to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

34. Alternatively, Defendant BOA initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" that Defendant mistakenly believed it had.

35. Additionally, none of the calls at issue were placed by Defendant BOA to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

36. Defendant BOA willfully and/or knowingly violated the TCPA with respect to Plaintiff EDUARDO VARGAS by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

37. The TCPA provides Plaintiff with a private right of action against Defendant BOA for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff EDUARDO VARGAS respectfully demands judgment against Defendant BOA for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
### VIOLATION OF THE FCCPA AGAINST BOA

38. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (31), as if fully set forth herein.

39. At all times material to this action Defendant BOA was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

40. Defendant BOA engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

41. Defendant BOA engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

42. The actions of Defendant BOA have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff EDUARDO VARGAS respectfully demands judgment against Defendant BOA for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Michelle@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com
Counsel for Plaintiff